**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1168
_____

In re:  HARISADHAN PATRA; PETULA VAZ,
Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 4-14-cv-02265)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 8, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: March 12, 2024)
_____

OPINION[*]
_____

PER CURIAM

Harisadhan Patra and Petula Vaz ("Petitioners") have filed a petition for a writ of

mandamus.  For the reasons that follow, we will deny the petition.

In 2014, Petitioners brought a civil rights complaint against their employer and

other defendants.  The procedural history of that litigation and the details of Petitioner's

claims are well known to the parties, set forth in our prior opinion, and need not be

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

discussed at length.  See Patra v. Pennsylvania State Sys. Of Higher Educ., No. 20-2320, 2023 WL 4618292 (3d Cir. July 19, 2023).  Briefly, in relevant part, the defendants moved for summary judgment.  In response, Petitioners argued, inter alia, that defendants had submitted falsified evidence.  The District Court granted judgment in favor of the defendants.  On appeal, Petitioners argued throughout their brief that defendants had committed fraud on the court.  We affirmed the District Court's judgment.  Id. At *6. Petitioners then filed a petition for rehearing or rehearing en banc as well as a motion for permission to file a motion alleging fraud on the court by the defendants.  We denied the petition and the motion.  Petitioners filed a motion to stay the mandate, again alleging fraud on the court.  We denied the motion to stay.  Petitioners then filed this "Emergency Petition for a Writ of Mandamus to Grant Summary Judgment for Plaintiffs (Setting Aside Prior Judgments) and Other Relief."

Petitioners allege that the defendants in their District Court proceedings committed fraud because they used falsified evidence to obtain summary judgment in their favor. They request that we set aside the prior judgments, grant judgment in their favor, and order injunctive relief.

Under 28 U.S.C. § 1651, a federal court may issue a writ to aid in its jurisdiction. Traditionally, the writ of mandamus has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  Will v. United States, 389 U.S. 90, 95 (1967).  Here, the District Court proceedings have ended, and there are no motions pending before it.  Petitioners do not describe any action the District Court has taken outside of its jurisdiction or any

2

authority it is refusing to exercise. They do not explain how issuing the writ they seek will "aid in [our] jurisdiction."

Moreover, the writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, petitioners must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A petition for a writ of mandamus is not a substitute for an appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). Here, the Petitioners had the remedy of appealing the District Court's judgment against them, and they, in fact, availed themselves of that remedy. That the result of the appeal was not favorable to them does not entitle them to relitigate their claims via a mandamus petition.

For the above reasons, we will deny the mandamus petition.

3